UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIOLA RUST,

    Plaintiff,

v.                                         Case No.:  8:23-cv-1019-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Viola Rust seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits and supplemental security income on December 4, 2020, alleging disability beginning on October 1, 2020. (Tr. 54, 55, 218-19). The applications were denied initially and on reconsideration. (Tr. 54, 55, 74, 75). Plaintiff requested a hearing, and on August 29, 2022, a hearing was held before Administrative Law Judge Gonzalo Vallecillo ("ALJ"). (Tr. 32-53). On October 11, 2022, the ALJ entered a decision finding Plaintiff not under a disability from October 1, 2020, through the date of the decision, (Tr. 17-25).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on March 30, 2023. (Tr. 1-5). Plaintiff began the instant action by Complaint (Doc. 1) filed on May 8, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 11).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2024. (Tr. 19). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 1, 2020, the alleged onset date. (Tr. 19). At step two, the ALJ found that Plaintiff had the following severe impairments: "Osteoarthritis

of the right knee and Hypertension." (Tr. 20). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 21).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except the claimant is able to lift and/or carry 20 pounds occasionally; lift and/or carry 10 pounds frequently; stand and/or walk 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday. The claimant may occasionally climb ladders, ropes, and scaffolds, climb ramps/stairs, kneel, crouch, and crawl.

(Tr. 21).

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a waitress, informal; counter attendant, cafeteria; and cafeteria attendant. (Tr. 24). The ALJ found that this work does not require the performance of work-related activities precluded by the RFC. (Tr. 24).

## II.   Analysis

On appeal, Plaintiff raises three issues:

(1)   Whether the ALJ failed to prove that Plaintiff could return to her past relevant work;

  (2) Whether the ALJ failed to consider the opinion of Dr. Haji when determining Plaintiff's mental functional capacity; and

  (3) Whether the ALJ failed to consider Plaintiff's mental impairments in combination at steps three and four of the sequential evaluation when determining the RFC.

(Doc. 24, p. 3). The Court will begin by addressing the second issue.

  **A.** **Lina Haji, Psy.D.'s Assessment**

Plaintiff contends that the ALJ erred in failing to discuss or consider Dr. Haji's consultative Psychological Assessment. (Doc. 24, p. 15). The Commissioner concedes that the ALJ did not specifically discuss Dr. Haji's assessment in the decision, but argues that this evidence was considered by the State agency consultant J. Patrick Peterson, Ph.D., J.D. at the reconsideration level. (Doc. 25, p. 10). The Commissioner then argues that because the ALJ considered and found Dr. Peterson's findings persuasive in evaluating Plaintiff's mental impairments, and because Dr. Peterson considered Dr. Haji's assessment, the ALJ implicitly considered this assessment even though not specifically mentioned in the decision. (Doc. 25, p. 10-11). The Court disagrees with this logic.

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635,

637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

On January 5, 2022, Dr. Haji conducted a consultative Psychological Assessment of Plaintiff's mental health. (Tr. 391-94). She made behavioral observations, which were generally normal, except that Plaintiff presented with dysthymic affect and was tearful throughout the evaluation. (Tr. 393). She conducted a mini mental status examination, the results of which were generally normal, except for having only a fair recent memory, and the inability to count backwards from 100 by sevens or spell the word, "world" backwards. (Tr. 393). Plaintiff "obtained a score of 24 out of 30, indicating mild impairment in cognitive functioning according to the MMSE." (Tr. 393). In the Mental Residual Functional Capacity section of the Assessment, Dr. Haji found Plaintiff:

> can be expected to have mild limitations in her ability to understand and remember simple instructions, mild limitations in her ability to understand and remember detailed instructions, mild limitations in her ability to sustain concentration, persistence, and pace for simple and detailed tasks, mild limitations in her ability to interact socially, and mild limitations in her ability to adapt to the routine stressors and changes of a general work environment. If the claimant is

> awarded benefits, it is unlikely that she will require assistance managing those funds responsibly.

(Tr. 394).

At the reconsideration level, Dr. Peterson completed an evaluation of the medical evidence on January 31, 2022. (Tr. 66-70). Dr. Peterson summarized Dr. Haji's January 5, 2022 consultative examination. (Tr. 68). After a review of the medical evidence, Dr. Peterson found Plaintiff had no limitations in: (1) understanding, remembering, or applying information; and (2) adapting or managing oneself. (Tr. 69). Dr. Peterson also found Plaintiff had mild limitations in: (1) interacting with others; and (2) concentrating, persisting, or maintain pace. (Tr. 69).

In the decision at step two, the ALJ found Plaintiff had no limitations in any of the four broad functional areas of mental functioning. (Tr. 20-21). The ALJ then found:

> As for the opinion evidence, State agency psychologist, J. Patrick Peterson, Ph.D. in January of 2022 performed a Psychiatric Review Technique assessment where he opined that the claimant had mild to no limitations in the mental functioning criteria, making any mental impairment non severe (5A). I find this opinion to be persuasive as it is consistent with and supported by the medical evidence which shows little to no abnormality in recent mental status examination (15F).

(Tr. 21).

Even though finding Dr. Peterson's assessment persuasive, the ALJ did explain why he did not adopt Dr. Peterson's findings of mild limitations in interacting with others, and concentrating, persisting, or maintain pace. (Tr. 21).

Plus, Dr. Haji found Plaintiff had mild limitations in all of the four broad functional areas of mental functioning. (Tr. 394). And again, the ALJ's decision lacks any discussion of why he chose not to follow the opinions of Drs. Peterson and Haji that found mild limitations. Further troubling is that the ALJ did not discuss Plaintiff's mental health in the RFC section of the decision. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019) ("[A finding that a plaintiff's mental impairments were non-severe] could be harmless if the ALJ nevertheless proceeded in the sequential evaluation, duly considered Schink's mental impairment when assessing his RFC, and reached conclusions about Schink's mental capabilities supported by substantial evidence."). Even though the ALJ found Plaintiff's mental impairments non-severe, the ALJ should have considered evidence of non-severe mental impairments when assessing the RFC. *See Barrio v. Comm'r of Soc. Sec. Admin.*, 394 F. App'x 635, 637 (11th Cir. 2010). As a result, remand is warranted for the ALJ to consider Dr. Haji's Psychological Assessment and to consider Plaintiff's mental impairments in assessing an RFC.

### B.     Remaining Issues

Plaintiff also challenges whether she is able to return to her past relevant work and whether her mental impairments were properly considered at steps three and four of the sequential evaluation. Rather than deciding these issues, because this

action is remanded on other grounds that may affect the remaining issues, on remand, the Commissioner is directed to reconsider these issues as well.

## III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to consider Dr. Haji's Psychological Assessment, reconsider Plaintiff's mental impairments at steps three and four of the sequential evaluation, and reconsider whether Plaintiff can perform her past relevant work. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 12, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties